# SPRING SESSIONS,
# 1900.

————•————

STATE VS. HORACE BURTON AND CHARLES JOHNSON.

*Criminal Law—Assault—Assault and Battery—Aiding and Abetting—Words no Justification—Self-Defense—Reasonable Doubt.*

1. Assault and battery defined.

2. In order to convict a person who was present, but did not actually commit the assault and battery, the jury must be satisfied beyond a reasonable doubt that he was there present aiding, assisting and abetting the one who did actually commit the offense.

3. Under the law of this State no words, however opprobrious, disgraceful, annoying or vexatious they may be, will justify an assault or battery.

4. The law as to self-defense, stated.

*(April 3, 1900.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Peter L. Cooper, Jr.,* Deputy Attorney-General, for the State.

*Charles F. Richards* and *Andrew J. Lynch* for the prisoners

Court of General Sessions, Sussex County April Term, 1900. The prisoners were indicted at this term for ASSAULT and BATTERY upon one Thomas Willey.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Horace Burton and Charles Johnson are charged with assault and battery upon one Thomas Willey.

An assault is an attempt to do violence to the person of another, with the means at hand of carrying that intention into effect. A battery is merely the laying on of hands or the infliction of the injury.

Where an assault, or an assault and battery, is perpetrated, and there are two or more persons at the time present, one of whom perpetrates the act and the other is there present, aiding, counselling and abetting, under the law of this State, they are both guilty. But in order to convict the person who was so present, but who did not actually commit the assault and battery, the jury must be satisfied, beyond a reasonable doubt, that he was there present, aiding, assisting and abetting the other; otherwise he should be acquitted.

If you believe, from the evidence in this case, that an assault and battery, or an actual striking, took place, that is, that the prisoner Burton, struck the prosecuting witness, Willey, with a hoe-handle, or whatever it was, Burton unquestionably would be guilty of assault and battery, unless there is some excuse rendered which would relieve him of the guilt. We will further say to you, that if the excuse or defense set up be mere words, under the law of this State, no words, however opprobrious, disgraceful, annoying or vexatious they may be, will justify an assault or a battery.

If the defense be that the prisoner was in personal danger and that what he did was necessary for his own protection, then the law is that it is the duty of every good citizen to avoid conflict and where he reasonably can he must retreat or get out of the way, in order to avoid it. In self-defense the person attacked can use so much force as is reasonably necessary to protect himself. If he uses more force and he should see fit to follow up his assailant when retreating, then, although he may have been justified in the commencement of the attack, yet if he uses more force than is necessary, or unnecessary violence, he becomes an original aggressor and would be guilty of an assault. Under the law a man has the right to de-

tend himself, but in doing so, he should use only such force as is necessary and appropriate. But he cannot defend himself unless an attack is actually made; and if no attack was made there was no necessity for defending himself, and as a matter of course, the plea or defense, of self-defense would not avail.

We have been asked to charge you as to reasonable doubt. If you have any reasonable doubt as to the commission of this offense that doubt should inure to the acquittal of the accused.

If the evidence should warrant and you believe that Charles Johnson, although present, was not there aiding abetting and assisting Burton, you may find him not guilty, and guilty as to the other defendant. That is, you may find either one or both of them guilty, as in your judgment the evidence shall warrant.

> Verdict: Horace Burton, guilty.
> Charles Johnson, not guilty.